UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————————X

ANTIONE MONTGOMERY,

                Petitioner,

    -against-

JAMES NICHOLS, Superintendent,

                Respondent.

————————————————————————X

**MEMORANDUM & ORDER**
08 CV 3493 (RJD)

DEARIE, Chief Judge.

    Petitioner, incarcerated at Mid-Orange Correctional Facility, by *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenges a 1989 conviction in New York Supreme Court, Queens County. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has reviewed this petition which appears to be time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act"). The Court therefore directs petitioner to show cause, within thirty (30) days from the entry of this Order, why the petition should not be dismissed as time-barred.

## DISCUSSION

    The Antiterrorism and Effective Death Penalty Act of 1996 signed into law on April 24, 1996, provides in relevant part that:

> (1) A 1-year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the

Constitution or laws of the United States is removed,
if the applicant was prevented from filing by such
state action;

(C) the date on which the constitutional right asserted
was initially recognized by the Supreme Court and
made retroactively applicable to cases on collateral
review; or

(D) the date on which the factual predicate of the
claim or claims presented could have been
discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State
post-conviction or other collateral review with respect to the
pertinent judgment or claim is pending shall not be counted toward
any period of limitation under this subsection.

28 U.S.C. § 2244(d). See Lindh v. Murphy, 521 U.S.320, 327 (1997) (§ 2244 applies "to the

general run of *habeas* cases . . . when those cases had been filed after the date of the Act").

Petitioner's instant application for habeas corpus relief pursuant to 28 U.S.C. § 2254 may

be time-barred under the Act. Under 28 U.S.C. § 2244(d)(1)(A), in general, the one-year statute of

limitations period runs from the date on which the state criminal judgment becomes final. 28

U.S.C. § 2244(d)(1). The judgment of conviction becomes final ninety days after the date the

Court of Appeals denies leave to appeal. Williams v. Artuz, 237 F. 3d 147, 150-51 (2d Cir. 2001).

Petitioner was convicted on November 14, 1989. Petition at ¶ 2. The Appellate Division,

Second Department, affirmed the conviction on December 30, 1991. People v. Montgomery, 178

A.D.2d 663, 578 N.Y.S.2d 224 (2d Dept 1991). On April 1, 1992, the New York Court of

Appeals denied petitioner leave to appeal. People v. Montgomery, 79 N.Y.2d 1005 (1992). Thus,

petitioner's judgment of conviction became final on or about June 30, 1992. Because petitioner's

conviction became final prior to the passage of the AEDPA, he had a one-year grace period to file

the instant petition *i.e.* until April 24, 1997. Ross v. Artuz, 150 F.3d 97. 98 (2d Cir. 1998).

2

The instant petition dated August 18, 2008 was filed eleven years, three months and twenty-five days after the statute of limitations period expired.

Petitioner alleges that he filed a motion pursuant to New York Criminal Procedure Law § 440.10 on November 15, 2005, Petition at 5,[1] which was decided on March 24, 2008. Petition at 4. 28 U.S.C. § 2244(d)(2) provides for the one-year limitation period to be tolled while state post-conviction motions are pending. However, petitioner is advised that § 2244(d)(2) applies only if petitioner's post-conviction motion was pending within the one-year grace period and excludes from the limitations period only the time the motion remain undecided. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam). The post-conviction motion filed by petitioner on November 15, 2005 did not toll statute of limitations because it was filed after the one-year grace period had expired on April 24, 1997.

Petitioner also asserts that on some unspecified date he learned that his trial attorney failed to inform him or his mother[2] that the prosecutor had made a plea offer. He argues that had he been so informed, he would have accepted the plea offer. Further, he states that he raised this ground in his November 15, 2005 motion to vacate in which he claimed: "Petitioner received ineffective assistance of counsel when counsel failed to advise petitioner and his parents concerning his sentence of the maximum exposure he faces as opposed to accepting the plea offer." Petition at 9.

To the extent that petitioner seeks to allege a basis for the application of 28 U.S.C. § 2244(d)(1)(D), that section provides a petitioner with one year in which to seek federal habeas

---

[1] The Court has paginated petitioner's submission containing the form petition and a nine-page attachment for ease of reference.

[2] Petitioner, born January 1, 1973, was fifteen years old when charged with the offenses of murder and arson and sixteen years old when convicted.

3

relief beginning "from the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Under 28 U.S.C. § 2254(d)(1)(D), the statute of limitations begins to run "from the date a petitioner is on notice of the facts which would support a claim, not from the date on which the petitioner has in his possession evidence to support his claim." Pacheco v. Artuz, 193 F. Supp. 2d 756, 760 (S.D.N.Y. 2002) (quoting Youngblood v. Greiner, 1998 WL 720681, at *4 n.4 (S.D.N.Y. Oct. 13, 1998)).

Petitioner does not inform the Court of the date he learned of the factual predicate of his claim or whether he exercised due diligence. This information is crucial to determining the timeliness of this petition and whether the state post-conviction motion he filed on November 15, 2005[3] would toll the AEDPA statute of limitations pursuant to the statutory tolling provisions of 28 U.S.C. § 2244(d)(2).

## CONCLUSION

Petitioner is hereby directed to show cause, within thirty (30) days from the date of this Order, why the statute of limitations should not bar the instant petition. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006); Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000) (petitioner is entitled to notice and an opportunity to be heard before the Court dismisses a petition as time-barred). No response to the petition shall be required at this time and all further proceedings shall be stayed for

---

[3]Petitioner states that the § 440.10 motion was filed November 15, 2005, a hearing was held on the motion at which the prosecutor and petitioner's trial attorney testified, the motion was denied by Order dated March 24, 2008, and his *pro se* request for leave to appeal the denial of the § 440 motion was denied on July 16, 2008 and received by petitioner on July 21, 2008. Petition at 5-13. He submitted this petition less than one month later, on August 18, 2008. Noble v. Kelly, 246 F.3d 93 (2d Cir. 2001) (pro se prisoner "files" his habeas petition with the district court when he submits his papers to prison authorities for mailing).

thirty days or until the petitioner has complied with this Order. Petitioner's affirmation shall include any facts which would support the timeliness of this petition or statutory tolling of the one-year period as outlined in 28 U.S.C. § 2244(d), including the date he learned of the factual predicate for his claim of ineffective assistance of counsel and the dates of any other post-conviction motions he may have filed in state court.

Further, the Court notes that the statute of limitations period may be equitably tolled if petitioner can demonstrate that (I) "extraordinary circumstances prevented him from filing his petition on time," and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Smith v. McGinnis, 208 F.3d at 17 (citing Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996)); see also Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000) (confiscation of legal papers is sufficient to establish potential basis for equitable tolling). Should petitioner have a basis to ask the Court to equitably toll the statute of limitations, he shall present the facts to the Court in his affirmation. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred.

SO ORDERED.

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

Dated: Brooklyn, New York
9 / 10 , 2008