UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
ANTIONE MONTGOMERY,

                      Petitioner,

        -against-

JAMES NICHOLS, Superintendent,
Mid-Orange Correctional Facility,
                      Respondent.
-------------------------------------------------X

**MEMORANDUM AND ORDER**

08 CV 3493

DEARIE, Chief Judge.

Petitioner pro se seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated in respondent's opposition papers and set forth below, the petition is untimely and is dismissed.

## Background

On April 22, 1998, petitioner, then fifteen years old, and his brother set fire to an apartment house at 109th Avenue and 155th Street in Jamaica, Queens. The fire killed a twelve-year-old boy and seriously injured two other children. In addition, a firefighter was injured and permanently disabled.

At petitioner's jury trial, defense counsel presented an expert witness to contest the cause of the fire and offered four alibi witnesses, including his mother and two sisters. He was convicted of two counts of second-degree murder and first-degree arson. On November 11, 1989, petitioner was sentenced as a juvenile offender to concurrent terms of imprisonment of nine years to life on each of the murder counts and six to fifteen years on the arson count. He appealed, arguing that the trial court should have given an accomplice-in-fact instruction with respect to the sole eyewitness to the crime, the superintendent who lived in the apartment house.

On December 30, 1991, the Appellate Division affirmed petitioner's conviction. People v. Montgomery, 578 N.Y.S.2d 224 (App. Div. 1991). The Court of Appeals denied leave to appeal on April 1, 1992. People v. Montgomery, 79 N.Y.2d 1005 (1992).

More than thirteen years later, petitioner filed a motion to vacate his conviction pursuant to New York Criminal Procedure Law § 440 on the ground that he received ineffective assistance of counsel. He claimed that trial counsel "merely mentioned" a plea offer of three to nine years and failed to advise him regarding the reasonableness of the offer or consult with his mother. (Pet. Section 440 Aff. at ¶ 1.) In addition, he claimed that had he been properly advised, he would have accepted the plea offer.

The § 440 court assigned counsel to petitioner and held a hearing. Petitioner, his mother, petitioner's trial counsel and the two prosecuting district attorneys testified. Trial counsel recalled that he had extensive discussions with petitioner and that petitioner's mother was actively involved in the case prior to trial. He could not remember whether a plea was offered in petitioner's case because of the length of time that had passed, and his records were no longer available to refresh his recollection. He testified, however, that it was his practice to discuss sentencing exposure and the risks of going to trial with his clients, convey any plea offers, and discuss any offered sentence in relation to the potential sentence upon conviction after trial.

Both prosecuting district attorneys recalled that no firm plea offer had been made and testified that there were no notations of a plea offer in the appropriate section in their files. The lead prosecutor also testified that he recalled only some preliminary plea discussions with defense counsel. He was certain, however, that he never sought authorization for a plea involving three to nine years.

The § 440 court issued a sixteen-page decision denying the motion. The court credited the testimony of the petitioner's trial counsel and the prosecuting district attorneys, and discredited the testimony of petitioner and his mother. The court concluded that petitioner "failed to meet his initial burden of establishing that a plea offer was, in fact, made or that [trial counsel's] representation was deficient in any way [under Strickland v. Washington, 466 U.S. 668, 669 (1984)]." (Decision at 12.) Further, even assuming, as petitioner alleges, that a plea offer was extended and communicated to him, the court found "[t]here is no credible evidence in th[e] record which casts doubt on [trial counsel's] testimony concerning his general practices in consulting with and advising his clients, which practices he is certain he engaged in at the time of the trial of th[e] indictment and which, he said, continue to this day." (Decision at 14.) Finally, the court concluded that "even if [petitioner] had demonstrated that [trial counsel's] performance was deficient, the first showing required by Strickland, his motion would still be denied inasmuch as he has failed to establish a reasonable probability that but for [trial counsel's] alleged deficiencies, he would have entered a plea of guilty." (Decision at 15.) The court noted that he "refus[ed] to admit at the time of trial that he was even present during the crime" and was equivocal with regard to his culpability at the § 440 hearing, making "his self-serving testimony that he would have entered a plea . . . incredible." (Id.) On July 16, 2008, the Appellate Division denied leave to appeal.

Petitioner filed this petition on August 18, 2008, claiming ineffective assistance of counsel for failure to adequately convey and advise him about the alleged plea offer.

**Discussion**

Petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2254 is time-barred. Petitioner's judgment of conviction became final ninety days after the date the Court of Appeals denied leave to appeal on April 1, 1992. See Williams v. Artuz, 237 F. 3d 147, 150-51 (2d Cir. 2001). Because petitioner's conviction became final prior to the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), he had a one-year grace period from the effective date to April 24, 1997, in which to file his petition. Ross v. Artuz, 150 F.3d 97, 98 (2d Cir. 1998). The petition, dated August 18, 2008, was filed more than eleven years after the expiration of the period. The post-conviction § 440 motion petitioner filed on November 15, 2005, does not toll statute of limitations because it was filed after the one-year grace period had expired. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam) ("proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run").

Petitioner contends that he did not learn of the facts supporting his claim until a December 2004 pre-parole interview in which he was asked what plea offer the District Attorney had made in his case. Within eleven months, he filed his § 440 motion to vacate, and within one month of the Appellate Division's denial of leave to appeal, he filed his petition. Petitioner thus claims his petition is timely, invoking 28 U.S.C. § 2244(d)(1)(D), which provides a that the one year limitations period for federal habeas relief begins "from the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Petitioner argues that he could not have brought his petition earlier because he did not

4

know of the alleged plea deal until he was asked in December 2004 whether he had been made an offer. As respondent points out, however, even though there was some discussion of an offer that occurred off the record, petitioner could have gleaned that some plea-related discussions took place from the transcript of the proceedings on October 6, 1989 that included a colloquy between the court and the attorneys suggesting that the parties discuss a disposition that afternoon. (Tr. 26-27.) Moreover, petitioner admits that he learned nothing more regarding the alleged plea offer from the parole officer who interviewed him. Thus, he could have begun the same research he undertook in 2004 any time after October 6, 1989.

For these same reasons, petitioner has failed to demonstrate that he acted with the reasonable diligence required for equitable tolling. Courts may equitably toll the limitations period only in the "'rare and exceptional circumstance.'" Smith, 208 F.3d at 17. A petitioner must show that he exercised "reasonable diligence" during the period he seeks to have tolled and that, despite his diligence, "extraordinary circumstances prevented him from filing his petition on time." Id. (citation omitted). That is, petitioner must

> demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances. If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing.

Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000) (citations omitted); see also Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001) (citing Valverde).

5

In any case, pursuant to 28 U.S.C. § 2254(d), a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). Accordingly, petitioner must show that the § 440 court's denial of his motion was based on an unreasonable determination of the facts regarding the existence of a firm plea offer and trial counsel's conduct. Moreover, the state court's determination of a factual issue is "presumed to be correct," absent the submission by petitioner of "clear and convincing evidence" rebutting the presumption. 28 U.S.C. § 2254(e)(1). Although it is unclear whether petitioner must demonstrate both that the state court decision was based on and unreasonable determination of the facts and, in addition, submit clear and convincing evidence to rebut the presumption of correctness afforded to the state court's factual determinations, see Green v. Travis, 414 F.3d 288, 298 n.6 (2d Cir. 2005) (citing Channer v. Brooks, 320 F.3d 188, 194 (2d Cir. 2003) (per curiam)), petitioner has done neither. Indeed, upon review of the record, there is no reason whatsoever to disregard the § 440 court's determination that no firm plea offer was ever made. The state court's rejection of petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of Strickland.

## Conclusion

For the reasons stated above, the application for a writ of habeas corpus is denied, and the petition is dismissed. A certificate of appealability will not issue. In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917 (1962). The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
July 1, 2009

s/ Judge Raymond J. Dearie
_____
RAYMOND J. DEARIE
United States District Judge